## JERSEY CITY STOCKYARDS CO. v. GROBNER.

(Circuit Court of Appeals, Third Circuit. May 26, 1925.)

No. 3330.

**Master and servant ☞288(5)—Assumption of risk by steamboat fireman held for jury.**

Plaintiff, a fireman on defendant's steamboat, in going down a dark stairway by direction of the engineer, whose duty it was to keep the stairway clean, slipped on the steps, where oil thrown by the machinery had accumulated, and was injured. *Held*, that the question of assumption of risk was for the jury.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action at law by Karl Grobner against the Jersey City Stockyards Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John Milton, of Jersey City, N. J. (John L. Ridley, of Jersey City, N. J., of counsel), for plaintiff in error.

Gross & Gross, of Jersey City, N. J. (Benjamin Gross, of Jersey City, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This writ of error raises a single question—whether the court erred in refusing to give binding instructions for the defendant on the ground of assumption of risk.

We are of opinion the facts were such as to compel the court to submit that question to the jury. The plaintiff was a fireman on defendant's steamboat. In the performance of his duty, and while going below from deck at the direction of the engineer, he slipped on the lower steps of a steep stairway, and one of his legs was caught in the engine eccentrics and injured. The proofs tended to show the stairway was dark at the point where he slipped, and there was no hand rail or guard on the stairway on the machinery side. The engine had eccentrics with a scissorlike action, and were only four to eight inches from the stairway. When operating, the engine threw some oil on the stairway.

This varied in amount from time to time, but when it accumulated in sufficient quantities it was the duty and custom of the engineer to have the stairs cleaned and scrubbed. This was done once or twice a week. Grobner had been working for a few weeks. He noticed no oil on the steps as he went down. Both his feet slipped on the last couple of steps. He testified he found oil on the steps after the accident; that it got on his hands as he came up. He testified he cleaned the steps when directed by the engineer; that the accident happened on Friday, and the stairs had not been cleaned since the preceding Monday. His proof was that, owing to the darkness of the place, he could not see whether there was oil on the lower steps.

In view of this testimony, and the situation as shown by photograph, the direction of the engineer to him to go down, his natural assumption that the engineer, whose duty it was to keep the steps clean, would do so, and not order him to descend through a darkened pathway, which was smeared with oil, we are clear that the court would have been in error, had it held that, as a matter of law, the plaintiff had assumed the risk of this slippery, unguarded, and dangerous place as an incident of his employment. Philadelphia & Reading Railway Co. v. Marland, 239 F. 1, 152 C. C. A. 51. That question was submitted to the jury substantially as the law was announced in Seaboard Air Line v. Horton, 233 U. S. 497, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, to which, naturally, no exception was taken.

We accordingly affirm the judgment below.